UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAZAN AL-MADANI, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:25-1107 |
| v. | : | (JUDGE MANNION) |
| WARDEN OF FCI-ALLENWOOD, | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 to challenge the United States Bureau of Prisons' refusal to award time credits towards a federal sentence under the First Step Act. The petition will be dismissed for failure to exhaust administrative remedies.

I. **BACKGROUND**

Petitioner, Yazan Al-Madani, is incarcerated in Allenwood Federal Correctional Institution ("FCI-Allenwood") serving a federal criminal sentence. He filed the instant petition on June 18, 2025, along with a motion for preliminary injunction, challenging the United States Bureau of Prisons' refusal to apply time credits he purportedly earned under the First Step Act towards his placement in home confinement after he was previously in home confinement before being transferred back to FCI-Allenwood. (Doc. 1). He

asserts that the BOP has improperly deemed him ineligible to have time credits applied to his sentence because he is subject to an immigration detainer issued by the Department of Homeland Security ("DHS"). (*Id.*)

Respondent responded to the petition on August 1, 2025. (Doc. 11). Respondent advances four arguments in opposition to the petition: (1) the petition should be dismissed for lack of jurisdiction because it does not present a cognizable claim for habeas corpus relief; (2) the petition should be dismissed for failure to exhaust administrative remedies; (3) the petition should be dismissed for lack of jurisdiction because this court does not have the authority to grant the requested relief because petitioner seeks only a transfer to a residential reentry center or home confinement; and (4) the petition should be denied on its merits even if the court does not dismiss the case based on the jurisdiction and exhaustion issues. (Doc. 11). Al-Madani filed a reply brief on August 14, 2025, making the petition ripe for review. (Doc. 12).[1]

---

[1] Al-Madani has also filed two motions for leave to file supplemental authority, both of which simply request to present additional case law for the court's consideration. (Docs. 8, 13). These motions are granted. The cases attached to Al-Madani's motions will be considered by the court as necessary to resolve this case.

## II. DISCUSSION

This case will be dismissed for failure to exhaust administrative remedies. Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Id.* at 761-62. The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. *See* 28 C.F.R. §§542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the BOP's central office. *Id.* §§542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the central office. *Id.* §542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. *Moscato*, 98 F.3d at 761. Only in rare

3

circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. *Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982).

In this case, respondent has produced evidence showing that Al-Madani failed to exhaust administrative remedies because he failed to appeal any of his relevant administrative remedy requests through final review by the BOP's central office. (*See* Docs. 11-8, 11-11). Al-Madani does not dispute the assertion that he failed to exhaust administrative remedies, but he argues that exhaustion should be excused because: (1) he believes the BOP would deny relief if he attempted to exhaust administrative remedies; (2) his petition presents questions of pure constitutional and statutory interpretation; and (3) requiring him to exhaust administrative remedies would cause him irreparable harm. (Doc. 12 at 6-9).

Al-Madani's arguments are unavailing. First, the administrative remedy process is not rendered futile "simply because a prisoner anticipates he will be unsuccessful in his administrative appeals." *Williams v. Warden, Allenwood-Low*, 2024 WL 4204277, at *2 (M.D. Pa. Sept. 16, 2024) (quoting

4

*Ross v. Martinez*, No. 4:09-CV-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009))). Second, Al-Madani's petition does not present a question of purely statutory or constitutional interpretation that would excuse exhaustion: although his claim requires interpretation of a statute, it also challenges the BOP's decision to switch his custody status from home confinement to placement in a prison. Finally, the only "irreparable harm" Al-Madani would allegedly suffer if he needed to complete the administrative review process is that it would potentially delay his ability to receive habeas corpus relief. This is a fact common to all habeas corpus petitions and excusing exhaustion in this situation would essentially abrogate the exhaustion requirement for habeas corpus cases. Moreover, courts in this district have routinely rejected this argument. *See Hawkins v. Warden, FCI-Allenwood*, No. 3:25-CV-165, 2025 WL 1592080, at *2 (M.D. Pa. June 5, 2025) (collecting cases). Dismissal of this case is therefore appropriate because Al-Madani failed to

exhaust administrative remedies and there is no basis to excuse exhaustion.[2]

### III. CONCLUSION

For the foregoing reasons, the court will dismiss the petition for writ of habeas corpus without prejudice for failure to exhaust administrative remedies. Petitioner's motion for preliminary injunctive relief will be denied as moot. An appropriate order shall issue.

*Malachy E. Mannion*
United States District Judge

Dated: 12/19/25
25-1107-01

---

[2] The court dismisses the case on the basis of failure to exhaust administrative remedies without considering respondent's jurisdictional arguments. Federal courts have the discretion to "choose among alternate 'grounds for denying audience to a case on the merits.'" *Reading Health Sys. v. Bear Stearns & Co.*, 900 F.3d 87, 95 (3d Cir. 2018) (quoting *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). Determination of whether a court has subject matter jurisdiction over a case "is vital only if the court proposes to issue a judgment on the merits." *Sinochem*, 549 U.S. at 431 (quoting *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006)).

6